314 So.2d 164 (1975)
The TALLAHASSEE DEMOCRAT, INC., and Tim Bennett, Appellants,
v.
FLORIDA BOARD OF REGENTS and Dr. Benjamin L. Perry, Jr., Appellees.
No. W-388.
District Court of Appeal of Florida, First District.
June 12, 1975.
Michael Pearce Dodson and C. Gary Williams, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellants.
James E. Messer and Edgar E. Tolle, III, of Thompson, Wadsworth & Messer, Tallahassee, for appellees.
Robert L. Shevin, Atty. Gen., William C. Sherill, Jr., and Sharyn L. Smith, Asst. Attys. Gen., for amicus curiae.
McCORD, Judge.
This is an appeal from a final judgment dismissing an amended petition for writ of mandamus. Appellants were relators below and appellees were respondents.
By the amended petition, appellants sought release of an investigative report or study evaluating the Florida Agricultural and Mechanical University athletic staff which led to their dismissal by Dr. Benjamin L. Perry, president. They contended they were entitled to release of same under the Public Records Law, Ch. 119, Florida Statutes. The alternative writ was quashed by the trial court upon authority of § 239.78, Florida Statutes, the trial court finding that appellants had failed to allege facts sufficient to establish that the statute did not exempt such documents from disclosure otherwise required by Ch. 119. Leave was granted to appellants to amend, and they filed an amended petition alleging in addition to their previous *165 allegations that no protective rule of the Florida Board of Regents was in existence. The protective rule referred to is provided for in § 239.78, supra. That section provides as follows:
"Regulations of the Florida board of regents may prescribe the content and custody of limited access records which an institution in the state university system may maintain on its employees. Such records shall be limited to information reflecting evaluations of employee performance and shall be open to inspection only by the employee and by officials of the institution who are responsible for supervision of the employee. Except as required for use by the president in the discharge of his official responsibilities, the custodian of limited access employee records may release information from such records only upon authorization, in writing, from the employee or upon order of a court of competent jurisdiction."
Before the trial court ruled upon the amended petition, appellants submitted to the court an exhibit which showed adoption of Rule 6C-2.68 by the Board of Regents and purported repeal thereof by the Board of Education after the completion of the aforesaid investigation or study. The trial court was requested by all parties to take judicial notice of the rule, its adoption and purported repeal. Upon such consideration, the court below concluded that the amendments to the original petition did not establish the rights sought to be enforced and entered the final judgment appealed from. The trial judge set forth fully in the final judgment the reasoning upon which its conclusion was predicated. We agree with both the reasoning and the conclusion and quote with approval the following pertinent portions thereof:
"The State Board of Education is a constitutional body, however, it is authorized to exercise only `such supervision of the system of public education as is provided by law.' Section 2, Article IX, Constitution of Florida.
While the Board of Regents is not a constitutional body, its creation by the legislature is clearly contemplated by the state constitution. See § 3, Article IX."
The trial judge then quotes § 239.78, Florida Statutes, which we have quoted above, and then continues as follows:
"Section 241.731, F.S., provides for the evaluation of members of the faculty of state universities. Rule 6C-2.68 was specifically adopted for the purpose of effectuating the duties imposed upon the Board of Regents by § 241.731, F.S.
Section 240.001(2) provides:
`It is the intent of the legislature that the board [of Regents] shall be primarily a policy-making board, establishing the policies of the state university system by rules and regulations adopted by it for the lawful aims of education and providing sufficient authority and assistance to its staff and to the heads of the institutions and agencies so that they shall be fully responsible for the management of the several institutions and agencies.'
Section 240.031, F.S., provides in part:
`With respect to the state university system, the state board of education shall:
(1) Approve all rules and regulations adopted by the board of regents before they are filed with the department of state; provided that if any rule is not disapproved by the board of education within thirty days of its adoption by the board of regents the rule shall immediately be filed with the department of state.'
It is the opinion of this court that the clear meaning of these statutes is that the Board of Regents has authority to adopt appropriate rules and regulations relative to the university system and the State Board of Education has authority to veto such rules so that they never become operative, but that the State Board *166 of Education has no authority whatever to initiate new rules or to repeal rules which have once become effective by its approval. It necessarily follows that the action taken by the State Board of Education on April 2, 1974, is wholly ineffective to repeal Rule 6C-2.68. The rights of the parties to this litigation must, therefore, be determined by recognizing the validity of all applicable provisions of that rule.
The last paragraph of Section 5 of Rule 6C-2.68 reads as follows:
`The contents of faculty evaluation file shall be confidential and shall not be disclosed except to the affected faculty members and those whose duties require access to file in accordance with each university's evaluation procedures.'
It can hardly be seriously argued that the head football coach of the university is not to be considered as a member of the faculty.
The alternative writ alleges that the report which relators desire to examine was made by `the Florida A & M University Athletic and Fiscal Policy Committee,' which was commissioned by the respondent Perry `to make an in-depth, objective study of the University's athletic program,' that such report was made, and that `based on his study of such report, Dr. Perry requested, and subsequently received, the resignations of Head Football Coach Jim Williams and his entire staff.'
Accepting as true these allegations, the conclusion is inescapable that the report related to matters material to the evaluation of faculty members.
The court is of the opinion, therefore, that it cannot accept as true the allegations of Paragraphs 13, 14 and 15 of the proposed amended alternative writ. These paragraphs are quite obviously based upon the assumption that the purported repeal of Rule 6C-2.68 by the State Board of Education has the effect of abrogating that rule. Since the court is of the opinion that that rule has never been repealed and is in full force and effect, and since the parties have agreed that the court take judicial notice of that rule, it necessarily follows that the allegations of Paragraphs 13, 14 and 15 of the petition for alternative writ must be ignored. Without these paragraphs, the proposed amended alternative writ is not materially different from the original writ, which has been found insufficient."
The attorney general (who filed a brief in this cause and made an argument on behalf of the State Board of Education as amicus curiae) and appellants urge that the purported authority of the Board of Education to invalidate a rule of the Board of Regents after it has become effective should be upheld. The statutes which are relied upon in support of the attorney general's and appellant's contention in this regard grant nothing beyond the power to supervise, approve and review. These laws are general and not specific. They make no reference to the rules promulgated by the Board of Regents. The statute which specifically addresses the role of the Board of Education relative to the rules adopted by the Board of Regents grants three, and only three, powers  the power to approve, the power to disapprove and the power to refrain from acting. It is a fundamental principle of law that when general and specific enactments are incongruous, the specific statute controls. See Adams v. Culver, Fla., 111 So.2d 665 and Woodley Lane, Inc. v. Nolen, Fla.App. (2d), 147 So.2d 569. If the legislature had intended for the Board of Education to have the power to veto a rule of the Board of Regents at any time after it became effective it could, and we believe it would, have said so. We cannot read such authority into the general statutes.
Appellants by their last point on appeal contend that the trial court should not have assumed that the investigation or *167 study was within the range of Rule 6C-2.68. Appellants surmised, as an illustration, that the study may have revealed criminal acts. If there is any reason to believe that the report may show criminal acts, this is a matter which should be brought to the attention of the state attorney for his or a grand jury's investigation. From the nature of the report, as shown by the allegations of the amended petition, we agree with the trial judge that it is a confidential evaluation of faculty which is covered by the foregoing rule.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.