NESBITT, Judge.
In separate criminal proceedings, the respondent judges adjudicated defendants guilty of the offense of sexual battery, withheld sentences, and ordered that the defendants be committed to the Mentally Disordered Sex Offender Program at South Florida State Hospital as a special condition of probation.
The Department of Health and Rehabilitative Services (HRS) petitioned this court for writs of mandamus directing the circuit judges to refrain from enforcing the commitment orders.
Section 917.017, Florida Statutes (1981), provides that HRS shall not permit entry of a sex offender into any of its residential sex offender treatment programs unless the procedure specified in Section 917.012, Florida Statutes (1981), is followed with respect to that sex offender. Section 917.012 clearly provides that a sex offender must have been sentenced before entering the residential treatment program and that the Department of Corrections and HRS shall jointly determine the eligibility of sex offenders for such programs.
It is contended on behalf of the respondents that the entry of their orders was justified by the broad powers granted to judges in formulating conditions of probation. § 948.03(3), Fla.Stat. (1981). This argument fails on the principle of statutory construction which dictates that a statute dealing specifically with a particular subject matter takes precedence over another statute covering the same and other subjects in general terms. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959); Tallahassee Democrat, Inc. v. Florida Board of Regents, 314 So.2d 164, 166 (Fla. 1st DCA 1975); Panzavecchia v. State, 201 So.2d 762, 764 (Fla. 3d DCA 1967).
As so construed, Sections 917.012 and 917.017, dealing specifically with the entry of sexual offenders into residential treatment programs, govern over the general discretionary powers afforded trial judges by Section 948.03(3) regarding probationers.
Because the petitions for mandamus seek to quash orders which have already been entered, and because the challenged orders depart from the essential requirements of law in that they constitute an unwarranted judicial incursion into the executive function and authority conferred upon HRS, State ex rel. Department of Health and Rehabilitative Services v. Sepe, 291 So.2d *46 108 (Fla. 3d DCA 1974); see Dade County v. Baker, 237 So.2d 545 (Fla. 3d DCA 1970), we treat HRS’ applications as petitions for common law certiorari, Fla.R.App.P. 9.040(c), award the writs of certiorari, and quash the orders under review.
It is so ordered.