Mr. Paul R. Green Attorney Board of Directors Santa Rosa Hospital, Inc. Post Office Box 605 800 Caroline Street Milton, Florida 32572
Dear Mr. Green:
This is in response to your request for an opinion on substantially the following question:
 WHETHER SANTA ROSA HOSPITAL, INC., HAVING REORGANIZED AS A NOT-FOR-PROFIT HOSPITAL PURSUANT TO s 155.40, F.S. (1984 SUPP.), MAY LEASE THE HOSPITAL AND SELL THE PERSONAL PROPERTY OF THE HOSPITAL TO A FOR-PROFIT CORPORATION?
The Santa Rosa Hospital, Inc., was formerly a county hospital, created as a separate county facility pursuant to Chapter 59-1825, Laws of Florida, as amended by Ch. 63-1879, Laws of Florida. According to your letter, the hospital in 1984 pursuant to s155.40, F.S., as amended by Ch. 84-98, Laws of Florida, reorganized as a not-for-profit Florida corporation. You wish to know whether this reorganized not-for-profit hospital may lease the hospital and sell the personal property of the hospital to a for-profit corporation. You note that other not-for-profit Florida corporations are empowered to lease real or personal property and are apparently not precluded from entering into management agreements or lease arrangements with for-profit management companies or from otherwise engaging in for-profit activities through wholly-owned subsidiaries.
Section 155.40, F.S. (1984 Supp.), in pertinent part, provides:
 (1) In order that citizens and residents of the state may receive quality health care, any county, district, or municipal hospital organized and existing under the laws of this state, acting by and through its governing board, shall have the authority to reorganize such hospital as a not-for-profit Florida corporation, and enter into contracts with not-for-profit Florida corporations for the purpose of operating and managing such hospital and any or all of its facilities of whatsoever kind and nature; to enter into leases with a not-for-profit Florida corporation for the operating of such facilities so existing. The term of any such lease, contract, or agreement and the conditions, covenants, and agreements to be contained therein shall be determined by the governing board of such county, district, or municipal hospital. (e.s.)
This statute authorizes a county, municipal or district hospital to reorganize as a not-for-profit Florida corporation and to enter into contracts with other not-for-profit Florida corporations for the purpose of operating and managing such hospital. Alternatively, the public hospital is authorized to enter into a lease with a not-for-profit Florida corporation for the operation of such facilities so existing. This statute, however, does not authorize or otherwise provide for a public hospital or a reorganized not-for-profit hospital to enter into management agreements with, or to sell the personal property of the hospital to, for-profit corporations.
In AGO 84-87, this office examined the provisions of s 155.40, F.S., as amended by Ch. 84-98, Laws of Florida, and concluded that `[w]ith respect to the authority of the district board to lease district facilities to a private for profit corporation, the rule expressio unius est exclusio alterius compels the conclusion that these statutory provisions do not authorize the board to enter into a lease with a private for profit corporation. . . .'Citing, Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944).
And see, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), holding that an express direction as to how a thing should be done is an implied prohibition of its being done in any other manner. This conclusion was reached after a review of the provisions of s155.40, F.S., as amended, in their totality. See, s 155.40(2), which specifies that the lease, contract, or agreement shall provide for the approval of the articles of incorporation of the not-for-profit corporation by the hospital's governing body; require that the not-for-profit corporation become qualified under s 501(c)(3) of the United States Internal Revenue Code; provide for the orderly transition of such facilities to not-for-profit corporation status; provide for the return of such facility to the county municipality, or district upon the termination of such agreement or the dissolution of such not-for-profit corporation; and provide for the continued treatment of indigent patients pursuant to the Florida Health Care Responsibility Act. And see, s155.40(3), F.S. (1984 Supp.).
Under Ch. 617, F.S., a not-for-profit Florida corporation is generally empowered to `[s]ell, convey, mortgage, pledge, lease, exchange, transfer, or otherwise dispose of all or any part of its property and assets.' Subsection (11) of s 617.021, F.S. You question whether these broad corporate powers would apply to the reorganized not-for-profit hospital corporation to permit such reorganized hospital to enter into management leases with a for-profit corporation and to sell the real property of the hospital to a for-profit corporation.
Based upon my analysis of the provisions of s 155.40, F.S., it is my conclusion that the limitations contained therein for the continued operation of such hospital facilities and for the protection of quality health care for the citizens and residents of this state control over the more general corporate powers provided by s 617.021, F.S., and thus, to the extent of any inconsistency, would prevail. Cf., State v. McMillan, 45 So. 882
(Fla. 1908) (where one statute covers an entire subject, and a later statute embraces only a particular part of the same subject, they should be construed together, and the statute relating to the particular part of a general subject operates as an exception or qualification of the general terms of the more comprehensive statute to the extent of the repugnancy); Florida Department of Health and Rehabilitative Services v. Gross, 421 So.2d 44 (3 D.C.A. Fla., 1982) (statutes on same subject should be harmonized when possible, but statute dealing specifically with a subject takes precedence over another statute covering same subject in general terms).
Subsection (1) of s 155.40 provides that the enumerated public hospitals shall have the authority to reorganize such hospital as a not-for-profit Florida corporation, and enter into contractswith not-for-profit Florida corporations for the purpose ofoperating and managing such hospital and any or all of itsfacilities of whatsoever kind and nature. As this office recognized in AGO 84-87, this language serves to legislatively limit the power of the reorganized not-for-profit hospital corporation to enter into operation and management contracts only with not-for-profit corporations. To determine that the general corporate powers contained in s 617.021 would otherwise authorize such leases or the sale of hospital property would in effect render the language contained in s 155.40 mere surplusage and nugatory. See, 42 C.J.S. Statutes s 343 (words in statute should not be construed as surplusage if at all possible). See also, Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982); Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A. Fla., 1966). And see, subsection (2) of s 155.40, F.S., supra, specifying certain requirements for any lease, contract, or agreement entered into pursuant to that statute including, among other things, that any such lease or agreement require that the not-for-profit corporation become qualified under s 501(c)(3) of the United States Internal Revenue Code. See also, s 155.40(2)(d) which requires that such lease, contract, or agreement provides for the return of the hospital facility to the governmental unit upon the termination of such agreement or the dissolution of such not-for-profit corporation.
Nor does it appear from my examination of the special acts pertaining to Santa Rosa Hospital that any such lease with a for-profit corporation for the management of the hospital or the sale of hospital personal property is authorized. It would therefore appear that amendatory legislation is necessary in order for such reorganized hospital to enter into such a lease or sell the personal property of the hospital.
It is therefore my opinion that, unless and until judicially determined otherwise or legislatively amended, a not-for-profit hospital corporation reorganized pursuant to s 155.40, F.S. (1984 Supp.), is not authorized to enter into a management agreement with, or lease the hospital to, a for-profit corporation or to sell the personal property of the hospital to such for-profit corporation.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General