Mr. Lucien C. Proby, Jr. County Attorney County of Monroe Post Office Box 1680 Key West, Florida 33040
Dear Mr. Proby:
This is in response to your request for an Attorney General's Opinion regarding substantially the following question:
 ARE ALL PUBLIC MEETINGS OR HEARINGS HELD IN ACCORDANCE WITH ss. 125.66, 163.205, 163.210, 163.215, 163.3184 and 163.3187, F.S., REQUIRED TO BE HELD AFTER 5:00 P.M. AND HOW MANY HEARINGS MUST OCCUR BEFORE A PUBLIC BODY CAN TAKE ACTION ON THE PROPOSED SUBJECT MATTER?
Your inquiry is prompted by differing opinions regarding the time and frequency of public meetings held pursuant to the statutes listed above.
Pursuant to s. 125.01(1)(a), F.S., a noncharter county is authorized to adopt its own rules of procedure, select its officers, and set the time and place of its official meetings. Cf., s. (1)(f), Art. VIII, State Const.; Speer v. Olson,367 So.2d 207 (Fla. 1978) (stating that s. 1[f], Art. VIII, State Const., authorizes the board of county commissioners of a noncharter county to enact ordinances in the manner prescribed by Ch. 125, F.S., which are not inconsistent with general law).
In exercising the ordinance-making powers conferred by s. 1, Art. VIII, State Const., counties must follow the procedures prescribed in s. 125.66, F.S. Section 125.66(1), F.S. The regular enactment procedure for county ordinances is set forth in s. 125.66(2), F.S., which states that at any regular or special meeting, the board of county commissioners may enact or amend any ordinance, except any ordinances or resolutions which rezone private real property as described in (5), if notice of intent to consider such an ordinance is given at least 15 days prior to said meeting, excluding Sundays and legal holidays. And see, s. 125.66(3), F.S., which prescribes the emergency enactment procedure for ordinances. Section 125.66(5), F.S., specifically addresses the enactment of ordinances or resolutions which rezone private real property. When the proposed rezoning involves less than 5 percent of the total land area of the county, the board of county commissioners shall direct the clerk to notify by mail each real property owner whose land will be rezoned by enactment of the ordinance or resolution and whose address is known by reference to the latest ad valorem tax records. This notice shall state the substance of the proposed ordinance or resolution as it affects the particular property owner and shall set a time and place for one or more public hearings on the ordinance or resolution. Notice shall be given at least 30 days prior to the date set for the public hearing. The board of county commissioners shall hold a public hearing on the proposed ordinance or resolution and may, upon conclusion of the public hearing immediately adopt the ordinance or resolution. Section 125.66(5)(a), F.S.
In cases in which the proposed rezoning involves 5 percent or more of the total land area of the county, the board of county commissioners is required to hold 2 advertised public hearings on the proposed ordinance or resolution. The statute, s.125.66(5)(b)1., F.S., specifically requires that both hearings shall be held after 5 p.m. on a weekday, and that the first shall be held approximately 7 days after the day that the first advertisement is published. Pursuant to this statutory section, the second hearing shall be held approximately 2 weeks after the first hearing and shall be advertised approximately 5 days prior to the public hearing. The day, time, and place of the second public hearing shall be announced at the first public hearing. Section 125.66(5)(b)1., F.S. And see, s. 125.66(5)(b)2., F.S., setting forth requirements for newspaper advertisements of public hearings pursuant to s. 125.66(5)(b)1., F.S., and subsection 3. which states that in lieu of publishing newspaper advertisements the board of county commissioners may mail notice to each person owning real property within the area covered by the ordinance or resolution and describing what must be contained in such notice.
The provisions of s. 125.66(5)(b)1., F.S., clearly require that, in cases in which rezoning of 5 percent or more of the total land area of the county is proposed, two public hearings must be held and "[b]oth hearings shall be held after 5 p.m. on a weekday" with the first hearing being held approximately 7 days after the first date of publication of the required advertisement. A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817
(Fla. 1976). My review of s. 125.66, F.S., indicates that subsection (5)(b)1., is the only provision which imposes a requirement of two advertised public hearings to be held after 5 p.m. on weekdays. It is the rule that where the language of a statute is unambiguous, the clearly expressed intent must be given effect and there is no room for construction. Fine v. Moran,77 So. 533, 536 (Fla. 1917); Osborne v. Simpson, 114 So. 543, 544
(Fla. 1927) (where a statute's language is plain and definite in meaning without ambiguity, it fixes the legislative intention and interpretation and construction are not needed).
Chapter 85-55, Laws of Florida, substantially amends the provisions of what is now entitled the "Local Government Comprehensive Planning and Land Development Regulation Act." See, s. 1, Ch. 85-55, Laws of Florida. Sections 163.205, 163.210 and 163.215, F.S., stand repealed as of the effective date of the act, October 1, 1985. See, ss. 19, 51, Ch. 85-55, Laws of Florida. The provisions of these repealed sections will not be discussed herein.
Section 20, Ch. 85-55, Laws of Florida (tentatively assigned as s.163.3161[8], F.S.), states that
 It is . . . the intent of the Legislature to reconfirm that sections 163.3161 through 163.3215, Florida Statutes, have provided and do provide the necessary statutory direction and basis for municipal and county officials to carry out their comprehensive planning and land development regulation powers, duties, and responsibilities. (e.s.)
The Local Government Comprehensive Planning and Land Development Regulation Act requires adoption or amendment of comprehensive plans by counties and municipalities. See, s. 163.3167(1), F.S., as amended by s. 3, Ch. 85-55, Laws of Florida. Each county, beginning July 1, 1987, and on or before December 1, 1987, must prepare a comprehensive plan of the type and in the manner set out in the act or amend its existing plan to meet the requirements of the act. Section 163.3167(2), F.S., as amended supra. And see, s.163.3167(2), F.S., as amended supra, which provides that the time limits established therein may be extended by the State Land Planning Agency for not longer than 6 months upon certain conditions. See also, s. 163.3197, F.S., as amended by s. 12, Ch. 85-55, which states that where, prior to the adoption of a revised plan pursuant to s. 163.3167(2), a local government has adopted a comprehensive plan or element or portion thereof, such adopted plan or element or portion thereof shall have such force and effect as it had at the date of adoption until a new comprehensive plan or element or portion thereof is adopted by or for such local government pursuant to the provisions of the Local Government Comprehensive Planning and Land Development Regulation Act; the prior adopted plan or element or portion thereof may be the basis for meeting the requirement of comprehensive plan adoption set out in the new act provided that all requirements of the act shall have been met. Section 163.3161(5), F.S., provides that
 It is the intent of this act that adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act. (e.s.)
Section 163.3171(2), as amended by s. 4, Ch. 85-55, Laws of Florida, authorizes a county to exercise authority under the act for the total unincorporated area under its jurisdiction or in unincorporated areas of the county which are not included in any joint agreement with municipalities as described in subsection (1).
The legal status of the comprehensive plan is delineated in s.163.3194(1)(a), F.S., as amended by s. 11, Ch. 85-55, Laws of Florida, which states that
 After a comprehensive plan or element or portion thereof has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted.
See, s. 163.3164(4), (5) and (6), F.S., defining "development," "development order," "development permit"; and s. 2, Ch. 85-55, Laws of Florida, codified as s. 163.3164(22), defining "land development regulations" as ordinances enacted by governing bodies for regulating any aspect of development; such regulations include any local government zoning, rezoning, subdivision, building construction, or sign regulations or any other regulations controlling the development of land except that such definition does not apply in s. 163.3213. Cf., AGO 79-88 stating that "[a]ll development, including construction and building permits therefor, undertaken within a municipality subsequent to adoption of its comprehensive plan . . . must be in accordance with that plan"; and AGO 85-56, wherein it is concluded that all land development regulations and actions including permits for the construction and use of property issued by a municipality must be in accordance with the local government's comprehensive plan and that during the interim period prior to such amendment, the provisions of the most recently adopted comprehensive plan or element or portion thereof shall govern any action taken for a development order.
Section 163.3184, F.S., as amended by s. 8, Ch. 85-55, Laws of Florida, provides that
 (15) The procedure for adoption of a comprehensive plan or element or portion thereof shall be by not less than a majority of the total membership of the governing body, in the manner prescribed by this subsection. Each local government shall adopt the comprehensive plan or element or portion thereof by ordinance.
The statutory requirements for public hearings on the proposed comprehensive plan, plan element, or plan amendment contained in s. 163.3184(15)(b), F.S., as amended, are substantially similar to the provisions of s. 125.66(5)(b)2., F.S., and read as follows:
 The local governing body shall hold at least two advertised public hearings on the proposed comprehensive plan, plan element, or plan amendment. At the option of the governing body, one of the public hearings may be held by the local planning agency. Both hearings shall be held after 5 p.m. on a weekday, and the first shall be held approximately 7 days after the day that the first advertisement is published. The second hearing shall be held approximately 2 weeks after the first hearing and shall be advertised approximately 5 days prior to the public hearing. The day, time, and place at which the second public hearing will be held shall be announced at the first public hearing. (e.s.)
Section 163.3184(15)(b), F.S., as amended by s. 8, Ch. 85-55, Laws of Florida. And see, s. 163.3184(15)(c), supra, setting forth requirements for newspaper advertisements to be published as notice of a change of land use if the proposed comprehensive plan, plan element, or plan amendment changes the permitted uses of land or changes land-use categories. And see, s. 163.3187, F.S., as amended by s. 9, Ch. 85-55, Laws of Florida, which inter alia, provides that amendments to comprehensive plans may be made no more than twice a year except in the case of emergencies.
With regard to the time and frequency of public hearings as prescribed by s. 125.66, F.S., and ss. 163.3184 and 163.3187, F.S., as amended by Ch. 85-55, Laws of Florida, the provisions of ss. 163.3184 and 163.3187 would appear to control to the extent of any conflict in instances in which such hearings are scheduled for purposes of adopting a comprehensive plan or element or portion thereof, or the adoption of an amendment to a previously adopted comprehensive plan or element or portion thereof. See generally, State v. McMillan, 45 So. 882 (Fla. 1908) (where one statute covers entire subject and later statute embraces only a particular part of same subject, they should be construed together and statute relating to particular part of general subject operates as exception or qualification of the general terms of the more comprehensive statute only to the extent of the repugnancy); Florida Department of Health and Rehabilitative Services v. Gross,421 So.2d 44 (3 D.C.A.Fla., 1982). Cf., Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962) (last expression of Legislature controls.)
In sum, it is my opinion unless or until judicially or legislatively determined otherwise, that the provisions of s.125.66, F.S., regarding the enactment of ordinances and resolutions by a county would apply generally to such action when taken by the board of county commissioners. In cases involving a proposed rezoning of 5 percent or more of the total land area of the county, s. 125.66(5)(b), F.S., requires more than one advertised public hearing to be held on a weekday after 5 p.m. The provisions of s. 163.3184(15), F.S., as amended by s. 8, Ch. 85-55, Laws of Florida, prescribe the exclusive procedure to be followed for adoption of a comprehensive plan or element or portion thereof. Pursuant to thisprocedure the local governing body is to hold at least two advertised hearings on the proposed comprehensive plan, plan element, or plan amendment, both hearings to be held after 5 p.m. on a weekday.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General