616 So.2d 91 (1993)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
STATE of Florida, and A.C., a Child, Appellees.
No. 92-608.
District Court of Appeal of Florida, Fifth District.
March 19, 1993.
James A. Sawyer, Jr., Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee State.
No appearance for A.C.
W. SHARP, Judge.
The Department of Health and Rehabilitative Services appeals from a commitment order entered by a juvenile court judge which required A.C. to be placed with Community Environmental Services (a private mental health facility) and which required HRS to pay any excess fee above that paid by Medicaid. HRS argues that a juvenile judge lacks authority under Chapter 39 to direct HRS to place any child committed to it, in a specific facility, or to require HRS to spend its funds in any particular manner. We agree.
In cases arising under prior versions of Chapter 39, this court has ruled with HRS on these points. See Department of Health and Rehabilitative Services v. V.L., 583 So.2d 765 (Fla. 5th DCA), rev. denied, 591 So.2d 185 (Fla. 1991); Department of Health and Rehabilitative Services v. R.W.K., 556 So.2d 815 (Fla. 5th DCA 1990); B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989); In Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986).
In K.A.B., the juvenile judge directed HRS to keep the dependent child at "Country Acres," a county operated juvenile facility. HRS appealed on the ground that the judge does not have the authority to direct precisely where the child is to be cared for but only to place the child in its custody. This court agreed with HRS, noting that the agency is better equipped to make day-to-day health and welfare decisions which concern the child. The opinion also notes that it is up to the courts to adjudicate legal rights and responsibilities but it is not within their province to manage *92 the affairs of another branch of government.
In B.E.O., the juvenile judge required HRS to provide a fourth option for placement of a delinquent child. The statute in effect at the time required HRS to provide a list of three options, required the juvenile judge to rank these options, and allowed HRS to reject all options if these facilities or programs were full. This court held that the juvenile judge had no authority to order HRS to provide an additional placement option. This court also noted that if the ranked options were not available, HRS had complete discretion as to where to place the child.
In R.W.K., the juvenile judge ordered HRS to place a child at a specific residential facility and to fully fund the placement. This court held that a juvenile judge does not have the statutory authority to place a child in a specific facility or program and only has the authority to rank three or more options presented by HRS in order of preference.
In V.L., HRS was ordered to place V.L. into an appropriate psychiatric facility within ten days and to pay all costs assessed by the facility. Such treatment could cost as much as $47,450 per year. The order was consistent with the psychiatric evaluation and recommendation of treatment for V.L. and did not specify a particular facility. Noting that it is not the judiciary's role to revise legislative appropriations or to interfere with an agency's discretionary budgetary decisions, this court vacated the portion of the order imposing the ten day time limitation for placement of V.L. The remainder of the order was affirmed and HRS was directed to provide the treatment ordered by the court when funding became available.
These cases were decided under an earlier version of Chapter 39, but the amendments applicable to this case do not change the result. Chapter 39 was revised in 1990 as part of the Juvenile Justice Reform Act of 1990. Ch. 90-208, Laws of Florida. Section 39.052(3), Florida Statutes (1991) (formerly section 39.09) governs the disposition hearing in this case.
Pursuant to section 39.052(3), after the court determines that a child should be adjudicated as having committed a delinquent act and that he should be committed to the Department,[1] the following procedure must be followed:
(e)2... . the intake counselor or case manager shall recommend to the court the most appropriate placement and treatment plan, specifically identifying the restrictiveness level most appropriate for the child.
3. The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state in writing reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this subparagraph. (emphasis supplied).
The predecessor statute, section 39.09, required HRS to furnish the court with three options. The court was to rank the options and the court's recommendation was to be followed if the commitment resources were available. Section 39.052 now requires HRS to recommend an appropriate placement and treatment plan, specifying the appropriate restrictiveness level. The court must commit the child to HRS at the recommended restrictiveness level or depart from the recommended restrictiveness level, stating its reasons in writing.
Thus, although the Juvenile Justice Reform Act changed the procedure from commitment to certain ranked options, if available, to commitment at the appropriate restrictiveness *93 level, nothing in the new statute gives the juvenile judge authority to place a child in a specific facility or to require HRS to apply its funds in a particular fashion. Rather, the new statute limits juvenile judges to determining the appropriate restrictiveness level and allows HRS the option to place a child in any program at that restrictiveness level. The Community Environmental Services Program was considered a Level IV restrictiveness program.
Accordingly, we reverse that portion of the commitment order which mandates placement of A.C. in Community Environmental Services and which requires HRS to supplement fees above the level paid by Medicaid. We remand for further consideration and action by the juvenile court pursuant to section 39.052(e)(3).
REVERSED and REMANDED.
COBB, J., and JOE A. COWART, Senior Judge, concur.
NOTES
[1] Section 39.054 (formerly section 39.11) sets forth the various dispositional options available to the juvenile judge. One such option is to:

(c) Commit the child to the department. Such commitment shall be for the purpose of exercising active control over the child, including, but not limited to, custody, care, training, and treatment of the child, and furlough of the child into the community... .