625 So.2d 92 (1993)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
State of Florida, Appellee.
No. 92-2723.
District Court of Appeal of Florida, Fifth District.
October 1, 1993.
James A. Sawyer, Jr., Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
C.E.P. is a mildly-retarded boy of 14 years of age. He was placed in an HRS shelter at the age of 11 and eventually his parents' rights were terminated. The charge of sexual battery on a child under 12 underlying this delinquency proceeding against him occurred in the home of prospective adoptive parents.
At the adjudicatory hearing pursuant to section 39.052, Florida Statutes (1991), the child pled no contest and the court ordered a predisposition report within 60 days. The public defender and HRS made known to the trial court their choice of a specific facility for custodial residential treatment. The trial court orally ordered that the child be released from a juvenile detention center to the custody of HRS for placement at the chosen facility, and advised that it was holding the disposition hearing in abeyance.
*93 Unfortunately, the public defender requested that the trial court require HRS to place the child in the specific facility within five days of the hearing and the court did so, even though HRS had explained earlier that it was attempting to work out the financial arrangements with the facility. The trial court's subsequent written order seems to differ from the oral order announced at the adjudicatory hearing. The written order requires that the child be placed in the custody of HRS and be released from the Juvenile Detention Center within five days; it is silent as to whether HRS was to place the child in the residential facility within five days.
We cannot conclude from the written order that the court required placement in the specific facility within five days although that appears to be the oral pronouncement at the adjudicatory hearing. If the oral pronouncement is what the court intended, it was error to do so. Section 39.052(3), Florida Statutes (1991) limits the court's powers of disposition to a restrictiveness level found in section 39.054, Florida Statutes. Department of Health and Rehabilitative Services v. State, 616 So.2d 91 (Fla. 5th DCA 1993). Additionally, since the child has not yet been adjudicated a delinquent and the court has found that placement in a residential facility is necessary so that C.E.P. can obtain professional medical services, the procedures set forth in section 39.046, Florida Statutes, and Chapter 394 (1991) are applicable and have not been applied.
We construe the written order entered after the adjudicatory hearing to require C.E.P. to be released to the custody of HRS within five days and that C.E.P. is to be eventually placed in the specified residential treatment facility, a facility chosen by HRS. There is no specified time within which the placement is to be made. This construction is consistent with the written order but is inconsistent with the oral order. We must, therefore, remand for further proceedings to allow the trial court to clarify its intent as to the predisposition treatment of C.E.P. If HRS is in agreement with the designation of a specific residential treatment facility in the order, the court may designate without committing error, but prescribing a unilateral time limitation is improper. Department of Health and Rehabilitative Services v. State, 616 So.2d 91 (Fla. 5th DCA 1993); Department of Health and Rehabilitative Services v. V.L., 583 So.2d 765 (Fla. 5th DCA), rev. denied, 591 So.2d 185 (Fla. 1991).
ORDER VACATED; CAUSE REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., concurs in result only, without opinion.