716 So.2d 872 (1998)
DEPARTMENT OF JUVENILE JUSTICE, State of Florida, Appellant,
v.
J.R., a child, Appellee.
No. 98-102.
District Court of Appeal of Florida, First District.
September 9, 1998.
John Milla, Assistant General Counsel, Department of Juvenile Justice, Tallahassee, for Appellant.
*873 Nancy A. Daniels, Public Defender; and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
On November 17, 1997, J.R. was committed to the custody of the Department of Juvenile Justice, having been adjudicated delinquent for acts committed on August 8, 14, and 25, 1997. The trial court accepted the Department's recommendation of commitment at restrictiveness level 6. The Department has appealed[1] the trial court's order and argues that the judge did not have the statutory authority to select the facility at which the juvenile would be placed. We agree that, having committed the juvenile to the custody of the department, the trial court lacked the statutory authority to require the department to place the juvenile at a particular facility, and therefore reverse.
As a matter of law, the trial court lacked the statutory authority to make this selection decision. Under former chapter 39[2] it was well-established that the choice of facility was legislatively mandated to be the responsibility of the Department. See § 39.054, Fla. Stat. (1995); § 39.052, Fla. Stat. (Supp.1996); R.L.B. v. State, 693 So.2d 130 (Fla. 1st DCA 1997)("The court's duty to impose a restrictiveness level and its discretion in regard to this duty are circumscribed by this statute, and there is no mention of court power in regard to actual program placement"). See also Florida Dep't of Juvenile Justice v. E.W., 704 So.2d 1148 (Fla. 4th DCA 1998) (affirming commitment at restrictiveness level 8, but reversing portion of order requiring placement in a specific facility); Dep't of Health and Rehabilitative Servs. v. State, 616 So.2d 91 (Fla. 5th DCA 1993) ("juvenile judge lacks authority under Chapter 39 to direct HRS to place any child committed to it[] in a specific facility, or to require HRS to spend its funds in any particular manner"); Dep't of Health and Rehabilitative Servs. v. R.W.K., 556 So.2d 815 (Fla. 5th DCA 1990) ("the court does not have the statutory authority to place the child in a specific facility or program").
Accordingly, we REVERSE the portion of the order requiring placement in a specific facility.
BARFIELD, C.J., DAVIS, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] This court has previously addressed the issue of the Department's standing in these proceedings. See Dep't of Juvenile Justice v. J.R., 710 So.2d 211 (Fla. 1st DCA 1998).
[2] Now codified at chapter 985, Florida Statutes (1997). See §§ 985.23, 985.231, Fla. Stat. (1997).