784 So.2d 556 (2001)
DEPARTMENT OF JUVENILE JUSTICE, Appellant,
v.
K.B., a child, and State of Florida, Appellee.
No. 1D00-3784.
District Court of Appeal of Florida, First District.
May 15, 2001.
John Milla, Assistant General Counsel, of Department of Juvenile Justice, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, and Robert A. Butterworth, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this juvenile case, K.B. pled nolo contendere to one charge of petit theft and *557 one charge of battery on a school employee. The Department of Juvenile Justice (DJJ) recommended that K.B. be adjudicated delinquent and placed on probation. The intervention plan anticipated by DJJ included completion of the Tallahassee Marine Institute Program, a probation program. See § 985.03(43), Fla. Stat. (2000) (defining probation and listing marine programs as day-treatment probation options). The trial court, however, ordered a Level Four commitment, which we assume to be a commitment to a low-risk residential program. See § 985.03(45)(a), Fla. Stat. (2000) (defining low-risk programs as residential programs that allow youths to have unsupervised access to the community). The trial court also ordered K.B. to attend and complete the Tallahassee Marine Institute probation program. DJJ appeared below and filed a motion for clarification of the disposition. DJJ now appeals the disposition and the denial of its motion.
The disposition ordered by the trial court is in the nature of a hybrid disposition, resembling a split sentence, by which the judge could order commitment, but suspend commitment and order the child to complete a probation program. The transcript suggests that the judge intended that if the child failed to complete, or otherwise violated, the probation program, DJJ would then immediately place the child in a residential commitment facility without the need for violation of probation proceedings. The disposition order actually provides that if K.B. fails to complete the probation program, she would be "transferred."
Such a disposition, although creative, is not among the options provided by our Legislature in section 985.231, Florida Statutes (2000). Trial courts do not have unlimited discretion in ordering dispositions for juveniles. See R.L.B. v. State, 693 So.2d 130, 131 (Fla. 1st DCA 1997) (stating that the trial court's discretion in imposing a restrictiveness level is circumscribed by statute). The statute defines probation as a legal status imposed "in lieu of commitment to the custody of the Department of Juvenile Justice." § 985.03(43), Fla. Stat. (2000). Commitment and a probation program that is supposed to be in lieu of commitment are mutually exclusive.
Moreover, a trial court cannot order DJJ to place K.B. in a specific facility. See Dep't of Juv. Just. v. J.R., 716 So.2d 872, 873 (Fla. 1st DCA 1998) (holding that the trial court lacks the authority to place a juvenile in a particular facility); R.L.B., 693 So.2d at 131 ("[T]here is no mention [in the statute] of court power in regard to actual program placement."); Dep't of HRS v. State, 616 So.2d 91, 93 (Fla. 5th DCA 1993) (holding that a juvenile judge does not have the authority to place a child in a specific facility). The legislature affords DJJ the discretion to choose a particular facility. In re. K.A.B., 483 So.2d 898, 898 (Fla. 5th DCA 1986).
REVERSED and REMANDED.
BARFIELD, C.J., KAHN, and PADOVANO, JJ., concur.