804 So.2d 474 (2001)
Tommy BARDO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-810.
District Court of Appeal of Florida, First District.
November 30, 2001.
Rehearing Denied January 4, 2002.
*475 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The issue in this criminal case is whether a trial judge must, if requested at the time of sentencing, order the Department of Corrections to provide a defendant with evaluation and treatment pursuant to sections 394.910-.931, Florida Statutes (2000). In this case, the defendant entered a plea of guilty to the charge of attempted capital sexual battery. At sentencing, the defendant filed a motion requesting evaluation and treatment, which was denied by the sentencing judge after hearing argument of counsel. The trial judge sentenced the defendant to a term of imprisonment, followed by a period of sex offender probation. We hold that the sentencing judge correctly denied appellant's request for evaluation and treatment.
The Florida Legislature has established a detailed procedure for the involuntary commitment of certain sexually violent predators. In particular, the legislation requires a written assessment of certain incarcerated prisoners to determine whether they meet the definition of sexually violent predators. See § 394.913, Fla. Stat. (2000). The legislation anticipates that the written assessment will be compiled by the Florida Department of Children and Family Services and forwarded to the State Attorney's Office. See § 394.913(3)(e), Fla. Stat. (2000). The State Attorney's Office may then institute a proceeding before a circuit judge for the purpose of determining whether a person should be declared a sexually violent predator. See § 394.914, Fla. Stat. (2000). The legislation provides that this proceeding, if it seeks civil commitment, will culminate with a trial, by jury if so requested. See § 394.916, Fla. Stat. (2000).
Our review of the legislation reveals nothing to suggest that a judge who sentences a defendant for the underlying sexual offense is authorized to activate the provisions of sections 394.910, et seq. See §§ 394.910-931, Fla. Stat. (2000). In fact, the legislation specifically devolves powers and duties to those persons and agencies authorized to give notice that a convict is a potentially sexually violent predator, as well as to those authorized to act upon such notice. See § 394.913, Fla. Stat. (2000). The statutory scheme does not contemplate any role for the original sentencing judge.
*476 We further note that the order that appellant sought in this case would have required the trial judge to assert control over both the Department of Corrections and the Department of Children and Family Services. Such an assertion of control in the context of sentencing would have been impermissible, and the trial judge obviously recognized this. See Dep't of Juv. Just. v. J.R., 716 So.2d 872 (Fla. 1st DCA 1998); see also Singletary v. Acosta, 659 So.2d 449 (Fla. 3rd DCA 1995). Accordingly, the judge committed no error in refusing to order evaluation and treatment.
AFFIRMED.
ERVIN, KAHN, and DAVIS, JJ., concur.