567 So.2d 532 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
R.S., a Child, Appellee.
No. 90-246.
District Court of Appeal of Florida, Fifth District.
September 27, 1990.
Arthur R. Shell, Jr., Sr. Atty., Dept. of Health and Rehabilitative Services, Gainesville, for appellant.
No appearance for appellee.
PETERSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a January 12, 1990, order requiring it to place a child, adjudicated delinquent, "in a serious habitual juvenile offender program, to wit: FLORIDA SCHOOL FOR BOYS at Okeechobee, Florida, within ten (10) days of the day of this order, or face the charge of contempt of court." We vacate the order.
At a December 13, 1989, disposition hearing, the child was adjudicated to have committed a delinquent act and was adjudicated a serious, habitual, juvenile offender. At the hearing, HRS filed an addendum to its violation report recommending commitment options and indicating that detention should continue until commitment placement became available. The court, while noting the recommended placement options, required HRS to place the child in a "serious offender facility (Dozier)."
On or about January 12, 1990, the public defender filed an emergency petition for writ of mandamus alleging that HRS had failed to place the child in the Dozier facility as ordered within five working days as required by section 959.12, Florida Statutes (1987). The hearing on the petition resulted in the January 12, 1990, order from which this appeal was taken. The record on appeal contains no transcript of the proceedings at the hearing, and no brief has been filed by appellee.
HRS claims that both the December 13, 1989, and January 12, 1990, orders were invalid because:
(1) Section 39.09(3)(e), Florida Statutes (1987), does not give the court statutory authority to place the child in a specific facility or program as this court has ruled in Department of Health and Rehabilitative Services v. R.W.K., 556 So.2d 815 (Fla. 5th DCA 1990).
(2) Dozier is a training school, and, in order to gain admission, the child must meet the requirements of section 39.113, Florida Statutes (1987), entitled "Juvenile *533 Boot Camp"; this child does not meet those requirements.
(3) Section 39.09(3)(e) provides that the recommendation of the court shall be followed if the commitment resource is available. In other words, HRS need not follow the court's recommendation of placement in a serious, habitual offender program if space simply is not available.
(4) Section 959.12 requires HRS to remove a child from detention for placement in a commitment resource within five days of the child's commitment to HRS. HRS asserts it could not do so without being confronted with a contempt proceeding for failure to place the child in the Dozier facility  a facility for which the child was ineligible.
(5) The January 12, 1990, order was entered without notice to or attendance by HRS and required HRS to place the child in the Okeechobee facility, a facility not mentioned in the December 13, 1989, disposition order.
HRS asserts that it has not willfully failed to comply with the order and implies that the child has not been removed from detention. Section 959.12 is very specific about the five-day requirement of placement, and this court has strictly construed this section. R.P. v. State, 550 So.2d 543 (Fla. 5th DCA 1989); B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989).
While the trial court may have exceeded its statutory authority by specifying the facility in which HRS was to place the child and later threatening contempt for noncompliance, we cannot escape the implication of the sketchy record below us that HRS is somewhat responsible for its plight and for this appeal at the expense of the State of Florida. It appears that the attitude of HRS in the face of the original illegal order was to ignore it rather than to seek clarification through a hearing on its motion and to retain the child in detention in this interim. Perhaps this criticism is undeserved if the issue of the order's illegality was raised by HRS at the disposition hearing. Even if the problem was not recognized at the time of the first hearing, it surely could have been raised at a postdisposition hearing in the interest of compliance with the statutory directive of section 959.12 and overall conservation of public funds.
We vacate the order of January 12, 1990, and remand to the trial court to entertain the emergency petition upon notice to all parties.
VACATED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.