615 So.2d 199 (1993)
DEPARTMENT OF CORRECTIONS, Appellant,
v.
W. Gerry HARGROVE, Jr., Appellee.
No. 92-725.
District Court of Appeal of Florida, First District.
March 2, 1993.
Rehearing Denied April 1, 1993.
*200 Robert A. Butterworth, Atty. Gen., Claire D. Dryfuss, Asst. Atty. Gen., Tallahassee, for appellant.
Appellee, pro se.
WOLF, Judge.
The Department of Corrections (DOC) appeals from a determination by a hearing officer of the Division of Administrative Hearings that proposed rule 33-5.006(8)(c), Florida Administrative Code, constitutes an invalid exercise of delegated legislative authority. The hearing officer determined that the restrictions on prison visitation promulgated within the proposed rule were unnecessary to protect the security, order, or rehabilitative objectives of the prison system, and was thus arbitrary and capricious. The DOC raises three issues on appeal: (1) Whether the hearing officer erred by failing to dismiss the administrative petition for lack of jurisdiction, (2) whether the hearing officer erred in finding the agency had exceeded its grant of rulemaking authority, and (3) whether the hearing officer erred in finding that the inmate had standing to bring the rule challenge. We determine that the hearing officer did not err in his determinations concerning jurisdiction or standing, and affirm as to those issues without further discussion. See Department of Corrections v. Sumner, 447 So.2d 1388 (Fla. 1st DCA 1984). We do find, however, that the proposed rule is within the broad grant of authority given to DOC to regulate relations between prisoners and the outside world, and therefore reverse as to issue II.
DOC proposed an amendment to rule 33.056(8) which provided in pertinent part as follows:
(c) Married or unmarried inmates may have non-immediate family member couples on the visiting list after approval but the member of the couple who is the opposite sex of the inmate may not visit the inmate without the spouse.
Appellee, who had several married female visitors on his visitors' list, filed a challenge to the proposed rule, pursuant to section 120.54, Florida Statutes. Appellee alleged that the proposed rule violated section 120.52(8)(a) and (b), which states that a proposed rule constitutes an invalid exercise of delegated legislative authority where "(a) the agency has failed to follow the applicable rulemaking procedures set forth in s. 120.54, or (b) the agency has exceeded the grant of rulemaking authority, citation to which is required by s. 120.54(7)."[1] The pertinent statutory authority cited by DOC includes section 944.09, Florida Statutes, and section 944.23, Florida Statutes. Among other things, section 944.09, Florida Statutes, requires that rules be adopted by DOC, governing visiting hours and privileges and all other aspects of the operation of the prison system in Florida. Section 944.23, Florida Statutes, provides in pertinent part as follows:
944.23 Persons authorized to visit state prisons.  The following persons shall be authorized to visit at their pleasure all state correctional institutions: The Governor, all Cabinet members, members of the Legislature, judges of state courts, state attorneys, public defenders, and authorized representatives of the commission. No other person not otherwise authorized by law shall be permitted to enter a state correctional institution except under such regulations as the department may prescribe. Permission shall not be unreasonably withheld from those who give sufficient evidence to the department that they are bona fide reporters or writers.
During the hearing on the rule challenge, DOC presented testimony concerning the security risk involved in allowing married *201 visitors of the opposite sex to visit without their spouses. These security concerns included the following:
a. One spouse (i.e., the wife) may be visiting an inmate without the knowledge of the other spouse (i.e., the husband). If the husband becomes aware of the fact that his wife is visiting an inmate the husband may become alarmed and complain to the Respondent and his wife about the visitation.
b. When the husband complains to his spouse or the Respondent and the inmate learns of the problem, the inmate may become upset. DOC indicated that there have been a few instances where inmates who, upon learning that husband of the inmate's visitor has been making it difficult for the visiting spouse to continue with visitation, have attempted to escape to get to the husband.
The representative of DOC further testified that it was determined, based on questioning of recaptured inmates, that such reasons were the cause of at least five to ten escape attempts in the last 30 years. At the conclusion of the hearing, the hearing officer found that the rule was arbitrary and capricious as well as being beyond the scope of delegated legislative authority.[2]
A challenge to agency rules based on the fact that an agency has exceeded the grant of rulemaking authority from the Legislature will not be sustained as long as the rules are reasonably related to the purpose of the enabling legislation. General Tel. Co. of Florida v. Florida Public Serv. Comm'n, 446 So.2d 1063 (Fla. 1984); Florida League of Cities v. Department of Environmental Regulation, 603 So.2d 1363 (Fla. 1st DCA 1992). In addition, an agency is given broad discretion in the exercise of its lawful authority, and the burden is on the petitioner to demonstrate that a rule is arbitrary and capricious. Cataract Surgery Center v. Health Care Cost Containment Bd., 581 So.2d 1359 (Fla. 1st DCA 1991); Department of Professional Regulation, Bd. of Medical Examiners v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984).
The Legislature by statute has granted broad discretion to DOC to regulate the activities of prisoners. In section 944.23, this broad power was specifically extended over the visitation rights of prisoners. This court has on several occasions recognized the great deference to be given to prison officials to regulate the relations between prisoners and the outside world. Lambrix v. Dugger, 610 So.2d 1366 (Fla. 1st DCA 1992); State v. Olson, 586 So.2d 1239 (Fla. 1st DCA 1991). This deference is at least in part based upon the significant security concerns facing prison officials. Clearly, the proposed rule is within the grant of legislative authority and is reasonably related to the purpose of the enabling legislation. It is also inappropriate for this court or the hearing officer to second-guess DOC on the extent of the security risk involved. We, therefore, find that the rule proposed by DOC is legislatively authorized, and is not arbitrary or capricious. The decision of the hearing officer is reversed.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] The hearing officer found no violation of the rulemaking procedures. It is unnecessary for us to discuss this issue any further.
[2] DOC contends that the issue of arbitrariness was not properly presented to the hearing officer. We need not reach this issue as we find the rule to be neither beyond the scope of delegated legislative authority nor arbitrary or capricious.