659 So.2d 449 (1995)
Harry K. SINGLETARY, Secretary for the Florida Department of Corrections, Appellant,
v.
Rafael De Jesus ACOSTA, Appellee.
No. 95-1570.
District Court of Appeal of Florida, Third District.
August 16, 1995.
*450 Judy Bone, Asst. Gen. Counsel, for appellant.
Joel D. Robrish, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.

CONFESSION OF ERROR
PER CURIAM.
Upon consideration of the appellee's commendable motion to remand, which we treat as a confession of error, those portions of the "order of judgment and sentence" which purport to direct the Department of Corrections to place the defendant in a specific drug treatment center and to provide specified medical treatment and medication  that is, each of the four substantive paragraphs on page two of the order and judgment  are hereby vacated. While it may make nonbinding recommendations, the trial court wholly lacks authority to regulate the treatment and placement of a sentenced defendant in the prison system. See Art. II, § 3, Fla. Const. (1968); Brown v. State, 427 So.2d 821 (Fla.2d DCA 1983); Florida Dep't of Health & Rehabilitative Servs. v. Gross, 421 So.2d 44 (Fla.3d DCA 1982); State ex rel. Dep't of Health & Rehabilitative Servs. v. Sepe, 291 So.2d 108 (Fla.3d DCA 1974). After remand, the trial judge shall enter sentence in the usual form.