693 So.2d 1119 (1997)
Harry K. SINGLETARY, Secretary for the Florida Department of Corrections, Appellant,
v.
Nathan Craig BENTON, Appellee.
No. 96-2945.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Judy Bone, Assistant General Counsel, Tallahassee, for appellant.
Nathan C. Benton, Avon Park, pro se.
PER CURIAM.
This is an appeal from an order entered by the circuit court in a criminal case against Nathan Craig Benton, who is in state prison. The appealed order grants Benton permission for special visitation from his minor children, nieces and nephews.
The circuit court's authority to enter such order is the subject of the issue on appeal. The order was entered as a post-judgment order in Benton's criminal case and his criminal case number is the case number used on the order. Although not a party, appellant could have filed a petition for writ of certiorari in this court seeking review of the challenged order. We treat the appeal as such and grant it.
In 1993, Benton was convicted on two counts of attempted sexual battery upon a child and sentenced to 20 years incarceration followed by 10 years probation on each count, to be served concurrently. One of the special conditions of probation prohibits Benton from having unsupervised contact with children under the age of 16.
Chapter 944, Florida Statutes, governs the state correctional system. Prior to the 1996 amendments, section 944.09(1)(n), Florida Statutes, read:

*1120 (1) The department [DOC] shall adopt rules governing the administration of the correctional system and the operation of the department, which rules shall relate to:
....
(n) Visiting hours and privileges.
In 1996, subsection (n) was amended to read:
(n) Visiting hours and privileges. The rules shall provide that any inmate with a current or prior conviction for any offense contained in chapter 794, chapter 800, chapter 827, or chapter 847 for committing or attempting to commit aggravated child abuse or committing or attempting to commit a sex act on, in the presence of, or against a child under the age of 16 years, shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent. The authorization for special visitation shall be based on extenuating circumstances that serve the interest of the children. If visiting is restricted by court order, permission for special visitation may be granted only by the judge issuing the order.

(Emphasis added).
In July of 1996, Benton wrote from prison to the trial court judge requesting that he be permitted to continue visitation with his minor children, nieces and nephews, as he had been doing prior to the statutory amendment. According to Benton's letter, he was informed by prison officials that the effect of the statutory amendment was to prohibit such visitation unless Benton received special approval from his sentencing judge.
Upon receipt of Benton's letter, a very brief hearing was held by the trial court, apparently without any notice to appellant, and attended only by an assistant state attorney who indicated that he had no problem with an order allowing the requested visitation if it was supervised by the parent or legal guardian of the child and held in a supervised visitation area of the prison. The order being appealed says:
The Court will grant permission for special visitation, pursuant to F.S. 944.09(1)(n), between the Defendant's children, stepchildren, nieces, and nephews and the Defendant, only under the conditions that said visitation is supervised by the parent or legal guardian of the child, and that said visitation occur in a visiting area of the correctional institution which is supervised and monitored by an employee of the Department of Corrections. The Defendant is not granted permission to enter a restroom or other secluded area with any child.
There is no case law interpreting the 1996 amendment, but the plain language of section 944.09(1)(n) permits the court to grant special visitation only where visitation had been restricted by the court. As appellant persuasively argues, all this really amounts to is that the court may lift a previously imposed order restricting visitation in prison. Where no such order restricting visitation exists, the statute does not provide a means for the court to grant special visitation.
Furthermore, Benton does not point to any other statutory authority giving the court the power to outright grant permission for special visitation, as opposed to lifting previously imposed restrictions. Rather, as appellant argues, the legislature has granted DOC broad discretion to regulate prisoner visitation. See Department of Corrections v. Hargrove, 615 So.2d 199 (Fla. 1st DCA 1993); see also §§ 944.23 & 945.04, Fla. Stat. (1995). Therefore, the trial court's outright grant of permission for special visitation was outside of the court's subject matter jurisdiction. See State, Dep't of Health & Rehabilitative Servs. v. Schreiber, 561 So.2d 1236 (Fla. 4th DCA 1990) (subject matter jurisdiction is conferred upon court by constitution or statute; it cannot be created by waiver, acquiescence or agreement of parties), rev. denied, 581 So.2d 1310 (Fla.1991). Such action usurped the jurisdiction of DOC to regulate visitation and thereby violated the separation of powers doctrine. See, e.g., Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995) (analogous situation wherein court directed DOC as to medical treatment and placement of defendant in prison system).
Under the facts of the instant case, it would be appellant's decision under section 944.09(1)(n) to decide whether to grant the special visitation with minors that Benton *1121 requested. Benton could appeal such decision through DOC's administrative proceedings, and if necessary by mandamus in the circuit court. See, e.g., Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990) (regarding complaint inmate might have regarding DOC's interpretation of sentence).
GLICKSTEIN, FARMER and GROSS, JJ., concur.