701 So.2d 590 (1997)
Harry K. SINGLETARY, Jr., Secretary for the Florida Department of Corrections, Appellant,
v.
Ian BULLARD, Appellee.
No. 97-0584.
District Court of Appeal of Florida, Fifth District.
October 17, 1997.
Rehearing Denied November 17, 1997.
Maryellen McDonald, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellant.
Ian Bullard, Jasper, pro se.
ANTOON, Judge.
The issue in this case is whether the trial court exceeded its authority when it ordered the Department of Corrections (DOC) to allow visitation between an inmate and his minor child during the inmate's incarceration. The trial court lacked the authority to enter such an order, and therefore, we must reverse.
Ian Bullard was convicted of two counts of lewd and lascivious assault upon a child, in violation of chapter 800, Florida Statutes (1995). He was sentenced to two concurrent terms of ninety-six months in prison followed *591 by four years' probation. After sentencing, Bullard sent the trial court a letter requesting that the court allow him visitation with his seven-year-old daughter during his incarceration. Without notice to DOC, the trial court entered an order directing that the "Department of Corrections shall allow [Bullard] to have visitation in the state prison system with his natural daughter ... within reasonable restrictions placed on prisoners regarding visits by minor children."
DOC challenges this order, arguing that postsentencing decisions involving inmate visitation lie solely with DOC. In support of this argument, DOC asserts that, by enacting section 944.09(1)(n), Florida Statutes (1995), the legislature granted DOC exclusive rule-making authority regarding visitation hours and privileges. Bullard responds by arguing that the newly enacted subsection (n) of section 944.09(1) controls the instant case:
944.09 Rules of the department; offenders, probationers, and parolees.
(1) The department shall adopt rules governing the administration of the correctional system and the operation of the department, which rules shall relate to:
* * * * * *
(n) Visiting hours and privileges. The rules shall provide that any inmate with a current or prior conviction for any offense contained in chapter ... 800 ... for committing or attempting to commit ... a sex act on, in the presence of, or against a child under the age of 16 years, shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent. The authorization for special visitation shall be based on extenuating circumstances that serve the interest of the children. If visiting is restricted by court order, permission for special visitation may be granted only by the judge issuing the order.
§ 944.09(1)(n), Fla. Stat. (Supp.1996) (emphasis added). Bullard maintains that subsection (n) authorizes the trial court to order DOC to allow him visitation with his daughter. We disagree. In so ruling, we adopt the reasoning set forth in Singletary v. Benton, 693 So.2d 1119 (Fla. 4th DCA 1997).[1]
In Benton, the fourth district aptly explained the scope of the 1996 amendment:
There is no case law interpreting the 1996 amendment, but the plain language of section 944.09(1)(n) permits the court to grant special visitation only where visitation had been restricted by the court....[A]ll this really amounts to is that the court may lift a previously imposed order restricting visitation in prison. Where no such order restricting visitation exists, the statute does not provide a means for the court to grant special visitation.
Id. at 1120. Thus, if the trial court had previously directed that Bullard could not have contact with his daughter during his incarceration, the court could have removed the restriction pursuant to section 944.09(1)(n). However, because the trial court was not eliminating a restriction that it had earlier imposed, the 1996 amendment does not apply in this case. Accordingly, we must reverse the trial court's visitation order because the court lacked the authority to enter the order.
ORDER REVERSED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] At the time the trial court ruled in this case, the court did not have the benefit of Singletary v. Benton, 693 So.2d 1119 (Fla. 4th DCA 1997).