705 So.2d 110 (1998)
Harry K. SINGLETARY, Jr., Secretary for the Department of Corrections, Petitioner,
v.
Robert CARPENTER, Respondent.
Harry K. SINGLETARY, Jr., Secretary for the Department of Corrections, Petitioner,
v.
DeVante TURNER, Respondent.
Nos. 97-02728, 97-03968.
District Court of Appeal of Florida, Second District.
January 21, 1998.
Sharon L. Wells and Natalie Duguid, Tallahassee, for Bruno F. DeZayas, Lakeland, for Respondent Robert Carpenter.
DeVante Turner, pro se.
PER CURIAM.
The Department of Corrections (DOC) in these consolidated proceedings challenges the authority of criminal trial courts to dictate the terms by which prisoners convicted of enumerated sex offenses may enjoy visitation with minors at their institutions of confinement. We agree with the DOC that there is no legislative authority permitting the intervention of criminal trial judges in these decisions and quash the orders for which review is sought.
*111 In both cases the respondents were convicted of offenses addressed in section 944.09(1)(n), Florida Statutes (Supp.1996), which reads:
Visiting hours and privileges. The rules shall provide that any inmate with a current or prior conviction for any offense contained in chapter 794, chapter 800, chapter 827, or chapter 847 for committing or attempting to commit aggravated child abuse or committing or attempting to commit a sex act on, in the presence of, or against a child under the age of 16 years, shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent. The authorization for special visitation shall be based on extenuating circumstances that serve the interest of the children. If visiting is restricted by court order, permission for special visitation may be granted only by the judge issuing the order.

(Emphasis added.)
After his conviction for one of the enumerated sex offenses, Robert Carpenter moved the criminal trial judge for access to his minor male children during the period of his confinement. The trial court granted the motion without making reference to the provisions of section 944.09(1)(n) quoted above. DeVante Turner, incident to his imprisonment for a qualifying offense, received notification from the DOC that pursuant to this statute that it was prohibiting visitation between him and his minor son. He then filed a motion with the criminal trial court, to which the court entered an order reinstating this visitation, citing Florida Administrative Code chapter 33-5.007 which outlines in detail the operating procedures implemented by the foregoing statute. From these respective orders the DOC filed petitions for writ of certiorari, alleging that the trial court had in each case exceeded its authority and had departed from the essential requirements of law.
Two Florida appellate courts have interpreted this statute, and both reflect the view that criminal trial judges do not have the requisite authority to dictate to the DOC the terms and conditions under which inmates may visit with guests at the prisons confining them. See Singletary v. Bullard, 701 So.2d 590, 22 Fla. L. Weekly D2423 (Fla. 5th DCA Oct.17, 1997); Singletary v. Benton, 693 So.2d 1119 (Fla. 4th DCA 1997). We subscribe to the analyses of these decisions which conclude that regulation of prison visitation lies wholly within the authority of the DOC; we agree as well with Benton that the legislature intended in the last sentence of the statute that trial courts properly exercising their authority to restrict visitation between a child and a prisoner may relax that restriction and enable thereby a prisoner to enjoy the "special visitation" created by the act. See Benton, 693 So.2d at 1120.
We inquired of the parties whether section 944.09(1)(n) conferred any prison visitation powers on criminal trial judges, disturbed by the plain reading of the statute which suggests that trial judges may in fact "grant special visitation," a notion not questioned by the Bullard or Benton courts, no doubt because the language of the statute inescapably seems to recognize, or perhaps create, that authority. To this question the DOC has provided an incisive answer which harmonizes this statute with the abundant case law which proscribes criminal trial judges from interfering with the authority of the DOC. See, e.g., Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995), and cases cited therein.
Civil trial courts routinely enter orders denying or restricting the access of adults to their children. A parent imprisoned for a child sex offense not uncommonly becomes a respondent in a proceeding to terminate parental rights; likewise, a dissolution of marriage proceeding following an offender's conviction for a sex offense frequently involves custody and visitation issues. Either may result in orders from a domestic or juvenile court denying any access between parent and child. In these circumstances, the circuit court has jurisdiction over the child and may enter orders regulating a parent's access to the child. We conclude that the final sentence of section 944.09(1)(n) is aimed at these orders entered by domestic and juvenile courts, which have properly exercised their authority over parental visitation because of their responsibility *112 for the welfare of those children, and that this statute does not confer such powers on criminal courts whose authority over the conditions of convicted defendants' incarceration terminates upon their reception with the DOC.
We suspect the intent of the legislature in drafting this statute was to provide exclusive authority to an institutional superintendent to grant "special visitation," but to forbid the superintendent in so doing from overriding an order preventing such access entered by a circuit court. The use of the words "permission for special visitation may be granted only by the judge issuing the order" unambiguously suggests that circuit courts now have a wider range of authority over regulation of DOC visitation than had heretofore ever been the case. If this is inconsonant with the true legislative intent, we point out this apparent anomaly to interested parties to bring to the legislature's attention.
We grant certiorari and quash the orders under review.
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., concur.