710 So.2d 211 (1998)
DEPARTMENT OF JUVENILE JUSTICE, Appellant,
v.
J.R., a child, Appellee.
No. 98-102.
District Court of Appeal of Florida, First District.
May 5, 1998.
*212 John Milla, Assistant General Counsel, Department of Juvenile Justice, Tallahassee, for appellant.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellee.
Robert A. Butterworth, Attorney General, James W. Rogers, Senior Assistant Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for the State of Florida.

ON APPELLEE'S MOTIONS TO STRIKE AND DISMISS APPEAL
PER CURIAM.
The Department of Juvenile Justice (DJJ) has filed a notice of appeal from an order adjudicating a juvenile as a delinquent and committing him to a specific treatment program. The juvenile moves to strike the notice of appeal, arguing that DJJ has no standing to appeal the order of the circuit court. He also moves to dismiss the appeal as untimely. We deny both motions.
J.R., a 12-year-old, was charged with three counts of battery and one count of assault. He was placed at Gulf Coast Treatment Center for psychiatric evaluation and treatment. J.R. entered no contest pleas, was adjudicated delinquent, and was committed to the custody of DJJ, level six detention. The trial court's order specifically directed that J.R. be left at Gulf Coast Treatment Center. DJJ wanted J.R. to be placed in GATE, a less expensive level six detention program. DJJ filed a notice of appeal and in its initial brief argues that the trial judge exceeded his statutory powers of disposition by specifying the detention program placement.
J.R. filed a motion to strike the notice of appeal and the brief of DJJ. He argued that DJJ was not a party to the proceedings below and was not represented by counsel at disposition. The controlling statute only permits the state attorney to file an appeal on behalf of the state. Section 985.234(1)(b), Florida Statutes (1997), provides that, "In the case of an appeal by the state, the notice of appeal shall be filed by the appropriate state attorney or his or her authorized assistant pursuant to the provisions of s. 27.18." Section 985.202 provides that in cases arising under that chapter, "the state attorney shall represent the state." Section 985.234(2) provides that the Department of Legal Affairs shall represent the state upon appeal. J.R. asserted that the controlling statute only permits the Attorney General to file a brief on behalf of the state.
J.R. also filed a motion to dismiss for untimely notice of appeal. The trial court entered its order on juvenile disposition and order of commitment on November 12, 1997. On November 18, the trial court entered an amended order of commitment. On December 11, 1997, DJJ filed its notice of appeal from the orders of November 12 and November 18. Florida Rule of Appellate Procedure 9.145(c)(1) does not address the time limit for the state to file a notice of appeal from a final order in a juvenile delinquency case. Rule 9.145(a) refers to rule 9.140 to determine the procedure in appeals from orders of delinquency. Rule 9.140(c)(3) requires the state to file its notice of appeal within 15 days of the order to be reviewed. Because the December 11 notice of appeal was filed more than 15 days after the November 12 and November 18 orders, J.R. argued that this appeal must be dismissed as untimely.
The Attorney General appeared and asserted that he has the statutory obligation *213 under section 16.01(4) to appear on behalf of the state in all civil, criminal and equitable suits before this court and in particular to represent the state in appeals of juvenile cases pursuant to section 985.234(2). It is the Attorney General's position that the motion to strike the notice of appeal and the motion to dismiss are well-taken and should be granted.
We find that DJJ has standing to bring this appeal and that its notice of appeal was timely filed. DJJ and its predecessor agency, the Department of Health and Rehabilitative Services (HRS), have appealed similar orders attempting to place juveniles in specific treatment facilities. See e.g., State, Department of Juvenile Justice v. E.W., 704 So.2d 1148 (Fla. 4th DCA 1998); Department of Health and Rehabilitative Services v. J.T.H., 595 So.2d 211 (Fla. 5th DCA 1992); Department of Health and Rehabilitative Services v. R.W.K., 556 So.2d 815 (Fla. 5th DCA 1990); In re the Interest of L.B., 493 So.2d 554 (Fla. 5th DCA 1986). Section 985.23(1)(d) provides that parties to the case shall include representatives of DJJ. See Department of Health and Rehabilitative Services v. R.S., 567 So.2d 532 (Fla. 5th DCA 1990)(as a party to disposition hearings, HRS was entitled to notice of the proceedings). DJJ is not the prosecuting authority (i.e., "the state"), but rather, appears in its capacity as the legal custodian of the child committed to its care. See A.N.J. v. State, 554 So.2d 531 (Fla. 1st DCA 1989)(HRS has standing to appeal delinquency disposition as the legal custodian of the committed child).
Section 985.234(1)(a) provides that in a delinquency proceeding, an order affecting a party to a case involving a child may be appealed by the child, a parent, "or legal guardian or custodian of any child." By contrast, section 985.234(1)(b) of the statute confers limited appellate rights upon "the state" which is represented by the state attorney. See section 985.202 (the state attorney represents the state in chapter 985 cases). Similarly, rule 9.145(b) provides for appeals in delinquency cases by a child or any parent, the legal guardian or custodian of a child "to the extent adversely affected." DJJ is not the prosecuting authority in delinquency proceedings and its purpose in taking an appeal would not be to increase the likelihood or severity of the sanction, as would an appeal by the state. Rather, the right DJJ seeks to vindicate on appeal is unique to its role as the custodian charged with the care of a delinquent child. In this case, the right asserted by DJJ is its statutory power to select the appropriate placement within the court-ordered restrictiveness level. This right is inherently and essentially custodial. In E.W., the Fourth DCA affirmed that part of the order committing the child to restrictiveness level eight, but reversed that part of the order placing the child in a specific facility, citing State, ex rel. Department of Health and Rehabilitative Services v. Nourse, 437 So.2d 221 (Fla. 4th DCA 1983); Department of Health and Rehabilitative Services v. State, 616 So.2d 91 (Fla. 5th DCA 1993). Department of Juvenile Justice v. E.W., 704 So.2d at 1148.
In fact, the Florida Department of Corrections (DOC) has been allowed to appear in district courts to challenge similar orders which attempt to direct placement of adult defendants in specific facilities. Clearly, DOC is not a party to a state prosecution. When a trial court attempts to specify placement for an adult defendant, such orders have been reviewed when DOC challenged the judge's authority as an infringement on DOC's executive right to determine the placement of inmates. See Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995). In Acosta, the Third DCA held that a trial court wholly lacks authority to regulate the placement of a sentenced defendant in the prison system, citing Article II, Section 3, Florida Constitution (1968), Brown v. State, 427 So.2d 821 (Fla. 2d DCA 1983), Florida Department of Health and Rehabilitative Services v. Gross, 421 So.2d 44 (Fla. 3d DCA 1982), and State, ex rel. Department of Health and Rehabilitative Services v. Sepe, 291 So.2d 108 (Fla. 3d DCA 1974).
We also find that the notice of appeal was not subject to the 15-day commencement period for appeals by the state prosecuting authority under rule 9.140(c)(3). Instead, DJJ could, and did, file the notice of appeal within the ordinary 30-day period of *214 rule 9.140(b)(3), which applies to criminal defendants as well as children, parents, guardians and custodians.
MOTIONS DENIED.
WOLF, WEBSTER and DAVIS, JJ., concur.