729 So.2d 494 (1999)
Michael W. MOORE, Secretary, Dept. of Corrections, Petitioner,
v.
Richard G. PEAVEY, Respondent.
No. 99-224.
District Court of Appeal of Florida, Fifth District.
March 26, 1999.
*495 Gary L. Grant, Assistant General Counsel,Tallahassee, for Petitioner.
Richard G. Peavey, Lake City, pro se.
COBB, J.
Petitioner, Michael W. Moore, Secretary for the Department of Corrections, seeks certiorari review of the trial court's order granting a motion for visitation privileges. The court's order allows respondent Richard Peavey, an inmate currently serving an aggregate 50-year sentence for nine counts of sexual battery on a child, to have visitation with his minor son. We grant the petition.
According to the trial court's order, the court previously entered an order allowing visitation after the court received an affidavit from the child's mother stating that she did not object to visitation and after the state did not object to visitation. Despite that previous order, however, DOC still prevented Peavey from having visitation with his minor son. The court in its order thus ruled:
Defendant, Richard Peavey, may have visitation with his minor son, Philip Frazer Peavey, in accordance with general rules for visitation as established by the Department of Corrections. For example, the Department may require that visitation be supervised by Department personnel and/or Philip Frazer Peavey's mother or grandmother (Virginia Alvarez or Bonnie Peavey). However, these rules should not be used to prevent Defendant from having visitation with Philip Frazer Peavey.
DOC argues that the trial court's order constitutes a departure from the essential requirements of law because a criminal court lacks jurisdiction to enter orders compelling DOC to allow visitation privileges to an inmate in DOC custody. We agree. It is well-settled that regulation of prison visitation lies wholly within the authority of DOC. Singletary v. Carpenter, 705 So.2d 110 (Fla. 2d DCA 1998) (criminal courts do not have authority to enter orders regulating access of inmates to their children); Singletary v. Bullard, 701 So.2d 590 (Fla. 5th DCA 1997). Section 944.09(1)(n), Florida Statutes (1997) provides in pertinent part, "[A]ny inmate with a current or prior conviction for any offense contained in chapter 794 ... shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent." (Emphasis added.)
We agree with DOC that matters of visitation should be left within the discretion of DOC, since, as DOC points out, it is in a unique position to determine whether visitation might have a "deleterious effect" on the inmate's rehabilitation and the internal security of the institution. The authority of the criminal court to issue orders concerning the conditions and treatment of incarcerated inmates ceases when DOC receives the inmate into custody; ultimately, the trial court's order has usurped the authority of DOC to exercise its lawful discretion in these matters, and has thereby violated the separation of powers doctrine. See Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995). In the instant case, Peavey should, as DOC suggests, first exhaust his administrative remedies within DOC and then, if necessary, file a petition for writ of mandamus in the circuit court. See Killings v. State, 567 So.2d 60 (Fla. 4th DCA 1990).
We grant the petition for writ of certiorari and quash the order of the trial court.
DAUKSCH and ANTOON, JJ., concur.