PER CURIAM.
The Department of Corrections petitions for a writ of certiorari to review an order directing the Department to allow regularly scheduled visitation between Fred Palil-la, an inmate in the custody of the Depart *1229 ment, and his minor grandson, the petition and quash the order. We grant
Fred Palilla, the respondent, was charged with two counts of unlawful sexual activity with a person 16 or 17 years of age, contrary to section 794.05, Florida Statutes (1997), and was convicted as charged. Upon conviction he was placed in the custody of the Department to serve two concurrent five year terms. Respondent thereafter filed a motion in the circuit court seeking an order directing the Department to allow regular visitation with his minor grandson, over whom respondent apparently exercised custody prior to his incarceration. Attached to the motion for visitation were two letters in support of visitation. One letter was written by the grandson’s current guardian while the other was written by the guardian of the grandson’s natural mother, who suffers from a mental illness. Both of the correspondents are related to the respondent as well as to the grandchild.
The lower court granted the motion for visitation without any citation to authority authorizing entry thereof. The lower court states in its order that the “State” has not objected to the motion, although the motion for visitation does not list the Department in its certificate of service.[1] The Department maintains before this court that it was not put on notice of the hearing on the motion for visitation and therefore did not appear at the hearing on the motion.
Besides the lack of notice to the Department, which is the custodian of the respondent, the order must be vacated as clearly beyond the authority of the circuit court. Section 944.23, Florida Statutes (1997), provides:
Persons authorized to visit state prisons.
The following persons shall be authorized to visit at their pleasure all state correctional institutions: The Governor, all Cabinet members, members of the Legislature, judges of state courts, state attorneys, public defenders, and authorized members of the Commission. No other person not otherwise authorized by law shall be permitted to enter a state correctional institution except under such regulations as the department [of Corrections] may prescribe. Permission shall not be unreasonably withheld from those who give sufficient evidence to the department that they are bona fide reporters or writers.
This court has repeatedly recognized the “great deference to be given to prison officials to regulate the relations between prisoners and the outside world.” Dep’t of Corrections v. Hargrove, 615 So.2d 199, 201 (Fla. 1st DCA 1993), citing Lambrix v. Dugger, 610 So.2d 1366 (Fla. 1st DCA 1992), and State v. Olson, 586 So.2d 1239 (Fla. 1st DCA 1991); see also Singletary v. Carpenter, 705 So.2d 110 (Fla. 2d DCA 1998) (regulation of prison visitation lies wholly within the authority of the Department of Corrections); Singletary v. Bullard, 701 So.2d 590 (Fla. 5th DCA 1997), and Singletary v. Benton, 693 So.2d 1119 (Fla. 4th DCA 1997); Singletary v. Storey, 711 So.2d 221, 222 (Fla. 5th DCA 1998) (a court may become involved in the matter of prison visitation “only if the court has itself imposed nonvisitation restrictions.— and then only to the extent of releasing its own restrictions”).
Because the lower court clearly exceeded its lawful authority, it departed from the essential requirements of law. We therefore grant the petition for a writ of certiorari and quash the order of visitation. See Singletary v. Carpenter, supra.
KAHN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.

. The certificate of service reflects that a copy of the motion was served on the assistant state attorney in Jacksonville, Florida.