GRIFFIN, J.
Petitioner Michael W. Moore, Secretary for the Florida Department of Corrections, seeks certiorari review of the trial court’s order directing the Department of Corrections [“DOC”] to allow visitation of the children of respondent' Cesar Lupian Perez [“Perez”], while Perez is incarcerated. Perez was convicted of two counts of attempted lewd and lascivious act in the presence of a child under the age of sixteen, in violation of section 800.04, Florida Statutes (1997).' Perez has failed to respond to this court’s show cause order of February 24, 2000. We grant the writ.
After Perez was sentenced in 1999, the State and Perez entered into a “stipulation and order to continue,” which clarified Perez’s sentence “to allow the defendant visitation with his children while incarcerated as contemplated in the Plea Agreement.” Pursuant to the stipulation, the trial court ruled that Perez’s sentence be corrected or clarified to allow him visitation. The court also ruled that “DOC will comply with this Order and take no action that might frustrate the intent of the Order.” DOC was not a party to the stipulation and was not listed as a recipient on the certifícate of service.
Under section 944.09(l)(n), Florida Statutes (1999), an inmate with a conviction for any offense under chapters 794, 800, 827, or 847 “shall not be allowed visitation with anyone under the age of 18 years, unless special visitation is approved by the superintendent.” As indicated, Perez’s convictions fall under chapter 800. This court’s opinion in Moore v. Peavey, 729 So.2d 494 (Fla. 5th DCA 1999), appears to be controlling. In Peavey, the trial court allowed an inmate convicted of multiple offenses under chapter 794 to have visitation with his minor son without DOC approval. Peavey determined that a criminal court lacks jurisdiction to enter orders compelling DOC to allow visitation privileges to an inmate in DOC custody because the regulation of prison visitation lies within the authority of DOC. Accordingly, the order, under review is quashed.[1]
Writ GRANTED.
HARRIS and THOMPSON, JJ., concur.

. We have only a small part of the record of the proceedings below and have not seen the plea agreement referenced by the lower court. Accordingly, we do not decide whether respondent is entitled to a different remedy.