796 So.2d 1261 (2001)
Michael W. MOORE, Secretary for the Florida Department of Corrections, Petitioner,
v.
Anthony BURNS, Respondent.
No. 3D01-2293.
District Court of Appeal of Florida, Third District.
October 17, 2001.
*1262 Susan Schwartz (Tallahassee), for petitioner.
Bennett H. Brummer, Public Defender, and Jan C. Smith, Assistant Public Defender, for respondent.
Before LEVY, GERSTEN, and GODERICH, JJ.
PER CURIAM.
Petitioner, Michael W. Moore, Secretary, State of Florida Department of Corrections (DOC), seeks certiorari review of a trial court order which prohibits the DOC from cutting respondent Anthony Burns' hair due to religious reasons. Because the trial court is without jurisdiction and lacks the authority to regulate the treatment of prison inmates, we grant the DOC's Petition for Writ of Certiorari and quash the trial court's order.
Time after time after time, this Court has made it clear that trial judges lack the authority to regulate the treatment of prison inmates; particularly as it relates to inmates' hair length. See Moore v. Mills, 789 So.2d 1159 (Fla. 3d DCA 2001); Moore v. Lowery, 758 So.2d 737 (Fla. 3d DCA 2000); Moore v. Habibullah, 739 So.2d 1281 (Fla. 3d DCA 1999); Singletary v. Duggins, 724 So.2d 1234 (Fla. 3d DCA 1999).
In Moore v. Mills, this Court unequivocally stated that "[t]he cutting of hair and beards are clearly conditions which the DOC set for inmate confinements, and to interfere with those conditions exceeds judicial authority." Moore v. Mills, 789 So.2d at 1160. Trial courts lack the authority to regulate the treatment and placement of a sentenced defendant in the prison system. See Singletary v. Acosta, 659 So.2d 449, 450 (Fla. 3d DCA 1995). Accordingly, we grant the Petition for Writ of Certiorari and quash the order.
Petition granted; order quashed.