PER CURIAM.
The Florida Department of Corrections (“DOC”) appeals from a trial court Order which granted the Defendant’s motion to serve his sentence in a South Florida correctional facility between West Palm Beach and Everglades. We reverse.
As a preliminary matter, the Defendant argues that the State does not have the right to appeal the Order in question because Section 924.07, Florida Statutes (2002), does not permit an appeal of this Order. We disagree. As stated by the First District in Department of Juvenile Justice v. J.R., 710 So.2d 211, 213 (Fla. 1st DCA 1998):
In fact, the Florida Department of Corrections (DOC) has been allowed to appear in district courts to challenge similar orders which attempt to direct placement of adult defendants in specific facilities. Clearly, DOC is not a party to a state prosecution. When a trial court attempts to specify placement for an adult defendant, such orders have been reviewed when DOC challenged the judge’s authority as an infringement on DOC’s executive right to determine the placement of inmates. See Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995).
DOC is not acting as the prosecuting authority in the instant case. Rather, it is seeking to vindicate a right that is unique to its role as the executive agency of the State of Florida which is responsible for the management of the prison system. Like the Department of Juvenile Justice in J.R., the DOC has standing to bring this appeal.
On the merits, we conclude that the trial court improvidently entered the Order under review for the reasons expressed by this Court in Moore v. Burns, 796 So.2d 1261, 1262 (Fla. 3d DCA 2001) (“Trial courts lack the authority to regulate the treatment and placement of a sentenced defendant in the prison system.”). Accordingly, the Order is vacated.
Reversed.