929 So.2d 648 (2006)
Henry CUESTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-251.
District Court of Appeal of Florida, Third District.
May 15, 2006.
*649 Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, C.J., and CORTIÑAS and ROTHENBERG, JJ.
PER CURIAM.
Henry Cuesta appeals a contempt judgment, challenging certain special conditions contained in the judgment. We strike the special conditions.
Cuesta is a prisoner serving a life sentence for attempted first degree murder with a firearm. The state sought Cuesta's testimony against his co-defendant, which Cuesta refused to provide. Specifically, Cuesta refused to testify because he feared retribution from other prisoners for being a "snitch."
At the trial of the co-defendant, Cuesta refused to testify. As a consequence the trial court found him to be in criminal contempt and sentenced him to six months in Dade County jail with loss of privileges, including no phone, family or contact visits, exercise, television, library or commissary.
Although we affirm the finding of criminal contempt, we strike the special conditions added to the sentence imposed. We do so "[b]ecause the trial court is without jurisdiction and lacks the authority to regulate the treatment of prison inmates." Moore v. Burns, 796 So.2d 1261 (Fla. 3d DCA 2001); Singletary v. Acosta, 659 So.2d 449, 450 (Fla. 3d DCA 1995) ("[T]he trial court wholly lacks authority to regulate the treatment and placement of a sentenced defendant in the prison system."). See also Moore v. Peavey, 729 So.2d 494, 495 (Fla. 5th DCA 1999); Singletary v. Carpenter, 705 So.2d 110 (Fla. 2d DCA 1998). This rule applies to county jails as well as to facilities run by the Department of Corrections. McCrimager v. State, 919 So.2d 673, 674 (Fla. 1st DCA 2006)(striking provision for "hard labor" in county jail sentence).
We are not insensitive to the frustrations of the trial court in desiring to punish Cuesta for failing to comply with its order to testify, but the court lacked the authority to impose the conditions. See A.A. v. Rolle, 604 So.2d 813, 819 (Fla.1992). Accordingly we strike the special conditions.
This ruling is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Affirmed as modified.