EVANDER, J.
The Department of Corrections (“DOC”) seeks certiorari review of a sentencing order that directs it to have the defendant below, Johnny Ayala, serve the initial part of his eight-year prison sentence at the “Avon Park Rehab Facility.” We grant the petition.
Certiorari jurisdiction extends to the review of a circuit court order that violates the separation • of powers doctrine. See Dep’t of Child. & Fams. v. K.R., 946 So.2d 106, 107 (Fla. 5th DCA 2007) (“Because we conclude that the order in question violates the separation of - powers doctrine, and thus departed from the essential requirements of law, we grant certiorari relief.”); Dep’t of Corr. v. Grubbs, 884 So.2d 1147, 1147 (Fla. 2d DQA 2004) (“DOC,.a nonparty to the criminal proceeding, filed a petition for writ of certiorari in this court seeking relief from the trial court’s order. We have jurisdiction because DOC’s non-party status deprives it of an adequate remedy-by direct appeal.”).
Here, the trial court’s order violates the separation of powers doctrine because the trial court lacked the authority to regulate the placement of a sentenced defendant in the prison system. See Dep’t of Corr. v. Mikle, 855 So.2d 1279, 1280 (Fla. 3d DCA 2003); Singletary v. Acosta, 659 So.2d 449, 450 (Fla. 3d DCA 1995). Accordingly, we grant DOC’s petition for writ of certiorari, 'quash the trial court’s September 28, 2015, sentencing order, and remand for resen-tencing.
PETITION FOR WRIT OF CERTIO-RARI GRANTED.
WALLIS and LAMBERT, JJ., concur.