NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WAYNE MURRAY, )
)
      Appellant, )
)
v. )      Case No. 2D15-3158
)
STATE OF FLORIDA, )
)
      Appellee. )
_____)

Opinion filed March 18, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Cynthia J. Newton,
Judge.

Wayne Murray, pro se.

No appearance by Appellee.

PER CURIAM.

      Wayne Murray appeals the order denying his motion for an order to affirm

his visitation rights with his son. We affirm.

      Mr. Murray is incarcerated by the Department of Corrections (DOC) for his

convictions of lewd and lascivious battery and lewd and lascivious molestation. He filed

in the postconviction court a motion for an order to affirm visitation with his son, alleging

that although he was previously afforded visitation with his minor son, the management

personnel at the correctional facility where he is incarcerated changed in June 2014, and the new management has not approved this visitation. Mr. Murray alleged that he filed a request for visitation with the DOC, and it responded that "visitation will only be approved upon a court order." Mr. Murray attached to his motion what appears to be a portion of a 2007 final judgment of dissolution of marriage that awards him quarterly visitation with his son at his place of incarceration and a DOC response to a grievance that he filed regarding his lack of visitation with his son. The response states that the visitation will not be approved until "a written court order is received from the judge approving such visitation." The response also informed Mr. Murray of the procedure for seeking administrative remedy or an appeal of that decision.

The postconviction court denied the motion to affirm visitation, finding that regulation of prison visitation lies wholly within the authority of the DOC. The postconviction court cited Singletary v. Carpenter, 705 So. 2d 110, 111 (Fla. 2d DCA 1998), in which this court held that criminal trial judges do not have the authority to dictate to the DOC the terms and conditions under which inmates may visit with guests at the prisons confining them because "regulation of prison visitation lies wholly within the authority of the DOC." The opinion explained that section 944.09(1)(n), Florida Statutes (Supp. 1996), which appears to give circuit court judges authority to order visitation in the DOC, is intended for domestic and juvenile courts that have authority over parental visitation and the welfare of the children involved. Id. at 111-12.[1]

The postconviction court did not err in finding that it did not have the authority to enforce Mr. Murray's visitation or to direct the DOC to allow visitation.

---

[1]Section 944.09(1)(n) is substantively the same today.

Moreover, assuming that the portion of the 2007 final judgment of dissolution of marriage that Mr. Murray attached to his motion is a true and correct copy of the final judgment, he has previously obtained an order from a judge permitting visitation. Mr. Murray did not allege in his motion that he provided this order to the DOC or that he had exhausted his administrative remedies within the DOC. Accordingly, even if the postconviction court had the authority to issue the order Mr. Murray seeks, Mr. Murray failed to show entitlement to any action by the circuit court. See Moore v. Peavey, 729 So. 2d 494, 495 (Fla. 5th DCA 1999) (quashing an order from a criminal court that awarded an inmate convicted of sexual battery on a child visitation with his minor son and directing the petitioner to "first exhaust his administrative remedies within DOC and then, if necessary, file a petition for writ of mandamus in the circuit court").

We affirm without prejudice to any right Mr. Murray may have to seek visitation with his son.

Affirmed.

CASANUEVA, CRENSHAW, and BADALAMENTI, JJ., Concur.