IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


FLORIDA DEPARTMENT OF CORRECTIONS,

      Petitioner,

 v.

                                 Case No.  5D22-77
                                 LT Case No. 2018-CF-011960-A-O

JONATTAN MANUEL ROBLES AND
STATE OF FLORIDA,

      Respondents.

_____/

Opinion filed May 13, 2022

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Renee A. Roche, Judge.

Mark S. Urban, Deputy General Counsel,
of Florida Department of Corrections,
Tallahassee, for Petitioner.

William R. Ponall, of Ponall Law,
Maitland, for Respondent, Jonattan
Manuel Robles.

No Appearance for Respondent, State of
Florida.

PER CURIAM.

The Florida Department of Corrections ("DOC") petitions for a writ of certiorari to quash an order that directs DOC to permit Respondent, Jonattan Manuel Robles, to have supervised visitation with his three minor children while incarcerated in a State of Florida prison. Because the order departs from the essential requirements of law and DOC has no remedy on appeal, we grant the petition.

Robles is serving a life sentence after being convicted of various sex offenses. In his criminal case, Robles, through counsel, filed a motion for visitation with his minor children. DOC, an interested nonparty, was not served with the motion. The trial court granted the motion two days later. Thereafter, DOC timely filed this petition.

"We have jurisdiction because DOC's nonparty status deprives it of an adequate remedy by direct appeal." *Fla. Dep't of Corr. v. Grubbs*, 884 So. 2d 1147, 1147 (Fla. 2d DCA 2004). The trial court's order constitutes a departure of the essential requirements of law because the trial court lacked the authority to enter an order compelling DOC to allow visitation privileges to an inmate. *See Moore v. Peavey*, 729 So. 2d 494, 495 (Fla. 5th DCA 1999) ("We agree with DOC that matters of visitation should be left within the discretion of DOC . . . . [U]ltimately, the trial court's order usurped the authority of DOC

2

to exercise its lawful discretion in these matters, and has thereby violated the separation of powers doctrine."); *see also Moore v. Perez*, 756 So. 2d 1086, 1087 (Fla. 5th DCA 2000) (quashing order compelling DOC to allow visitation privileges to inmate in DOC custody).

We grant DOC's petition for writ of certiorari and quash the order of the trial court.

PETITION GRANTED.

EISNAUGLE and SASSO, JJ., concur.
EVANDER, J., concurs and concurs specially, with opinion.

EVANDER, J., concurring specially.     Case No. 5D22-77
                                       LT Case No. 2018-CF-11960-A-O


I would also observe that the trial court's order constituted a departure from the essential requirements of law because DOC was entitled to notice and an opportunity to be heard. *See Singletary v. Duggins*, 724 So. 2d 1234, 1234 (Fla. 3d DCA 1999) (order quashed where DOC was not given notice of proceedings).